of America, Mr. Schnapp is here for the appellate, Mr. Davies is here for the appellee, Mr. Schnapp you may begin. May it please the Court, Your Honor, my name is Eric Schnapp and I represent the petitioner, Mr. Shane Jones. Now when this appeal began, both prongs of Strickland were still very much at issue, performance and prejudice. Mr. Jones briefed it pro se and the government responded arguing that the performance prong had not been met. In its most recent response, the government has conceded that the Strickland performance prong has been satisfied. They don't concede that, they concede that he's entitled to an evidentiary hearing on the Strickland performance prong. Not that it's been satisfied, right? Correct, Your Honor. But turns the main appeal, the main issue of this appeal into whether the performance has prejudiced Mr. Jones. Or whether he's entitled to an evidentiary hearing on the prejudice prong. Correct, Your Honor. So, I mean, how can he establish prejudice if the same judge who sentenced him denied his 2255 motion? Isn't it clear that he could not establish that the results of the proceeding would have been different? Or that he's entitled to an evidentiary hearing on that issue? I don't think that's clear, Your Honor. I'd like to address those quotes that the government pointed to about a different approach would not have made a difference. It might have made things worse. Those quotes are specifically not about the concurrency issue. In Mr. Jones' original petition, there were eight separate issues. The government, in its response to that petition, did not address the concurrency issue. In the magistrate report's 37-page report and recommendations, there were four sentences that referenced the concurrency issue. Stating that one of the authorities was not binding, not on point. And, therefore, that defendant had not demonstrated his counsel was ineffective. The denial of the petition, the district courts adopting the R&R, did not discuss the concurrency issue. The quotes that the government has pointed to come in the middle of the order and are specifically in reference to whether the drug should have been retested  Since we're kind of after sort of what the district court was really thinking, like would the district court judge really have wanted to sentence him to something less than 120, what does the evidentiary hearing look like? Does the district court judge testify? Surely not. No, Your Honor. And if we're going back and mainly looking at the prejudice problem, then the argument would be put in front of the district court for the very first time that a concurrent sentence would be appropriate here. The prejudice that we analyze here is contingent on the deficient performance. The deficient performance here was the failure of counsel to request a concurrent sentence and to make the argument for that request. To indicate to the courts, the court has this power and this is why the court should exercise that power here. The court was deprived of that argument. The other evidence of a reasonable probability of a different outcome, we can turn to Griffith v. United States in front of this court last year. Their counsel had failed to challenge the drug quantity, which resulted in a higher guideline range. The court sentenced the defendant to the bottom end of that range. This court held that it was error for the counsel not to challenge the drug quantity, which if he had, would have resulted in a lower range. And this court held that because the district court sentenced the defendant to the bottom end of that range and because there's no indication the district court would have sentenced the defendant to that sentence were it not for the higher range, that that itself was evidence of a reasonable probability of a different outcome. And I believe that situation is analogous here. Well, what makes this case different is that the district judge here made a comment that this sentence was, quote, the right sentence under all the circumstances, close quote. I agree, Your Honor. Under all the circumstances that had been presented to the judge. The judge never heard any argument about why the sentence should be concurrent. That was the duty incumbent upon defense counsel. Defense counsel, under the ABA model rules, needs to zealously advocate the position of his client, and that was a failure here. But I think that Judge Wilson's point is that, I mean, at what point are we sort of crossing from reasonable probability just into kind of rank speculation about what the district court judge might or might not have done? You know, basically, as you kind of parse the sentencing transcript here, you've got, you know, some comments sort of on your side of the ledger, I'll say. You know, he's got the college degree going for him and whatnot, and then some comments on the other side of the ledger. This is the appropriate sentence. There is a consistent pattern of criminal conviction, things like that. So with that, I don't know, with that kind of mix, how can you conclude that this was, you know, an abuse of discretion to deny the evidentiary hearing? Well, I believe there are some comments that may seem to go either way, but I believe that the district court's comments in stating that I'm going to sentence Mr. Jones to 120 months in prison, were it not for these other separate convictions, he would have a guideline range of 92 to 115 months. 120 months is above the high end of that range. I think the transcript makes it pretty clear that the judge was searching for a way to reach that guideline range. In United States v. Alvarez, again, before this court, we must look at the intent of the court at the time of sentencing. And there's a contrast because the intent in Alvarez was to impose a harsher sentence for a habitual offender as opposed to a first-time offender. Here, I believe the transcript paints a pretty clear picture that the intent was to reach the guideline range of 92 to 115 months, but for the 120-month statutory minimum. So the court was looking for a way, and it was incumbent upon the counsel to provide that method for the court to make that argument. What do you do, by the way, with the law, I guess both under the statute and under the guidelines, that there is this sort of presumption in favor of consecutive instead of concurrent sentences? The baseline that the district court judge is operating under here is all things being equal, we're going to sentence him consecutively. That's correct, Your Honor, and it does default to a consecutive without a concurrent issue being brought up or discussed. But I would still warrant that that's the duty of defense counsel to bring up these sentencing guidelines and argue for why the discretion of the district court to exercise a concurrent sentence should be held here. Well, in Alvarez, there was a concurrent sentence as to the sentences that were being imposed at the time. There was no mention, to my knowledge, of the issue about concurrent sentence to the sentence he was then serving, and yet the petition was denied in Alvarez, and the judge had died by the time the petition was decided. And in our case, the judge has said that he would not have granted the hearing. In other words, or he wouldn't have granted the 2255, and he would not have a hearing. Isn't that correct? I agree, Your Honor, and that is the contrast. Here, the judge has not indicated that he would not grant a concurrent sentence. Again, I believe those comments are specifically not about the concurrency issue. And in Alvarez, the contrast is that there was no discussion of a concurrent sentence, but the comments of the court make it clear that he would not have wanted to grant a concurrent sentence. Here, I believe the opposite is true. There is indication, there is clear indication that the court wanted to reach a lower range, but for the statutory minimum, the court did not feel that it had the ability to do so. If an argument had been made that the court could have imposed a sentence within the guideline range of 92 to 115 months while complying with the statutory minimum, it would have. But you said this was an appropriate sentence. Under the circumstances that it had heard, and the court had not heard any circumstances about a concurrent issue. So you think there's a reasonable probability that the petitioner would have prevailed and received a lighter sentence? There is a reasonable probability that the judge would have granted a concurrent or partially concurrent sentence in order to effectuate an appropriate punishment, which is within the discretion of the court. So am I clear now that what you're arguing on appeal is that there was error in the failure on the part of the district court to conduct an evidentiary hearing to determine whether or not there was ineffective assistance of counsel, right? Correct. There should have been an evidentiary hearing. Correct. And what sort of evidence will be put on, just so I'm clear, about sort of to prove the prejudice piece of this? What does the evidentiary hearing look like? The prejudice piece of it? Yeah. Well, the prejudice itself would demonstrate to the court, put the transcript in front of the court, and it may be the same judge, it may not be the same judge, but to demonstrate that there was a reasonable probability that a different outcome would have been made. Well, I mean, I'm not trying to sort of quiz you or catch you here, but, I mean, that's sort of conclusory to say, like, the point of the evidentiary hearing will be to show that there's a reasonable probability. Of course, I mean, that's the legal standard. But, like, put some meat on those bones for me. Like, what does the evidentiary hearing look like? How do you convince, I presume, to be the same district court judge who sentenced the guy, denied his $2,255, we're going to send it back for an evidentiary hearing, and now what happens before that same district court judge to prove the prejudice piece of this? Merely on the prejudice prong, not the performance prong. Well, at that point, we're merely putting the argument in front of the court for the very first time. Since the court has never heard the argument of why a concurrent sentence would be appropriate here, that's what we would be putting in front of the court for the first time. And I guess, I mean, to Judge Wright's point, the question is, you know, we can't collapse the two prongs. I mean, it can't be an answer to is there a reasonable probability. It can't be a full answer to that question to say, yes, because he's never heard the argument. We get it. He's never heard the argument. The government's actually given you that. He's never heard the argument, and therefore the counsel's performance was deficient. And now separately, you've got to demonstrate that it made a difference or that it will make a difference. Correct. And I'm just trying to figure out how that happens before the same district court judge. Well, again, I indicate that it may not be the same district court judge. And secondly, I'd say that Strickland actually removes the idiosyncrasies from the district court judge when we analyze this under prejudice. We're not supposed to necessarily look at how that particular judge normally rules, so whether they're more lenient or harsher. So it would be an impartial judge regardless of whether it's the same or otherwise. Now, I'd also bring up U.S. v. Abney out of the D.C. Circuit, which is not binding but is instructive here, in that the district court found that failure to request a continuance constituted deficient performance, and that failure prejudiced the defendant. Now, they found that a fair and impartial decision-maker would have found, would have granted that continuance, even though the district court judge, even though the sentencing judge in its petition denial indicated that it was unlikely it would have granted that continuance. So we must look to a fair and impartial judge and decision-maker when we're considering the prejudice problem. Thank you, and I'd like to reserve the rest of my time for rebuttal. All right. Thank you, counsel. We'll hear from Mr. Davies on behalf of the government. Good morning. May it please the Court, Robert Davies for the United States. Your Honors, the defendant has the burden of proof in this case, and he hasn't met it. He hasn't shown a substantial likelihood that Judge Enkel would have imposed a concurrent sentence if his lawyer at the time had asked for it. The problem, though, is Section 2255B says that an evidentiary hearing must, it uses the word must be held, unless the court files, quote, conclusively show that the prisoner is not entitled to no relief. That puts a heavy burden on the government, doesn't it? I mean, if you must, the court must have an evidentiary hearing, unless the court files conclusively show that the prisoner is entitled to no relief. So there's a presumption in favor of an evidentiary hearing. As long as you allege enough facts that, if true, would entitle Jones to relief. I have two responses to that, Your Honor. First of all, that's been interpreted by this Court in the Schultz case. An evidentiary hearing isn't required when the district court can determine the merits of the ineffectiveness claim based on the existing record. And moreover, as I say in my brief and Judge Newsom was asking about, conducting an evidentiary hearing regarding Strickland's prejudice prong wouldn't serve any purpose in this case. The only person that knows whether the district court would have imposed a concurrent sentence is asked is Judge Hinkle. And Judge Hinkle denied the 2255 petition. A hearing wouldn't accomplish anything. There's not a witness he could call to say, if my lawyer had asked for a concurrent sentence, Judge Hinkle would have imposed it. There's not an exhibit he can introduce. Well, if an argument had been made by counsel, could the judge have changed his mind? If an argument had been made by counsel, there's In other words, if counsel had said, Judge, I have an argument to make. I would like for you to consider running these sentences consecutively or concurrently rather than consecutively for the following reasons. Is it possible that Judge Hinkle could have changed his mind and accept the argument? Two things, Your Honor. I think it's possible. Anything's possible. But under Strickland, you've got to have a reasonable probability. And then in Harrison v. Reichert, there's got to be a substantial likelihood. That's my whole argument, is the Strickland prejudice prong. And the key to this case is the burden of proof. I mean, when I was a trial lawyer, over and over at trials, and fair enough, all I heard about the burden of proof. It's hard having the burden of proof. The defendant has it here. That's what this case turns on. If the burden of proof was on me, I might be, the government might be in bad shape if we had a burden of proof in a case like this, whereas Judge Newsom notes, arguably, the record's mixed. But any lack of clarity in the record in this case works to the defendant's disadvantage because he has the burden of proof. That's what this case turns on, Your Honor. But all he's asking for, he's not, all he's asking for is an evidentiary hearing. And so the court could conduct an evidentiary hearing and say, no, there was no ineffective assistance of counsel because I would not have ruled differently. But he's only asking for an evidentiary hearing. And my understanding of the Strickland prejudice prong is that it just asks whether the outcome would have been different, not will be different. Well, Strickland requires a reasonable likelihood, I'm sorry, a substantial likelihood of a different result, which is what Harrison v. Riker said, interpreting the Strickland language of reasonable probability. And you don't, you've got, at best, you've got a mixed record here. You've got, at the sentencing hearing, at the original sentencing hearing, you've got Judge Schenkel saying Judge Jones, Mr. Jones is going to get 120 months because it's the mandatory minimum. But then you've got Judge Schenkel saying, I will tell you, Mr. Jones, I think this is the right sentence under all the circumstances, and that's why this is the sentence I'm going to impose. Well, why didn't the judge, there's a box that you check for concurrence or consecutive, and the judge didn't check the box at all? I think the answer to that is if you, they generally don't check the box if it's going to be consecutive. And that would make sense, I guess, given the law that we were discussing with our adversary about the presumption being consecutive instead of concurrent. Correct. Is that the idea? Got it. And, you know, and then you've got the other statement, and the district judge did get this claim eventually. He got it in the 2255 position. And the magistrate judge got it, and then the district judge got it in the 2255 position, that my lawyer should have asked for a concurrent sentence. And in his order denying the 2255, Judge Schenkel said the trial attorney obtained an excellent result. Taking a different approach would not have made the sentence better. He might have made it worse. And that is in the context of overall. That's not in the context of specifically addressing this concurrent sentence claim. But, again, that goes to the burden of proof. It shows that he hasn't met his burden of proof. Is it possible that the court could have conducted an evidentiary hearing and denied the Strickland claim because there isn't enough evidence that the result of the proceeding would have been different and Jones appealed and we reversed on appeal? Is that a possibility? No, Your Honor. I don't see how that could. I don't see. If I'm understanding your question, I don't see how that could work. He wouldn't have a right to an appeal? Oh, no. He does have a right to appeal. He says that in his brief that I'm saying he doesn't have a right to an appeal. But he does have a right to appeal. He just can't prevail in this appeal. What I'm saying is in situations like this, you all should affirm the district court because you're talking about a discretionary action by the district court whether to run the sentence concurrent or consecutive. And you've got Strickland, which imposes a very strict standard, and he's got the burden of proof. I mean, I come back to that, Your Honor. I think that's ultimately what this case turns on, on the Strickland prejudice prong, is he just hasn't met his burden of proof. I think this would be a lot closer case if I had it. I think there's some stuff in the record that I could argue I could meet a burden of proof. Maybe, maybe not. But he's got the burden, not me, Your Honor. He has the burden of proof to establish that he's entitled to an evidentiary hearing, not the burden of proof to establish the prejudice prong of Strickland, right? Right, Your Honor. But one other thing on that. The evidentiary hearing is reviewed for an abuse of discretion. I mean, so you've got to say Judge Hinkle abused his discretion by not having an evidentiary hearing. When you get back to the point in my brief. I guess what I'm trying to figure out is why shouldn't we say that Judge Hinkle abused his discretion when the statute says that an evidentiary hearing must be held unless the court files conclusively show that the prisoner is entitled to no relief? Three things. Now, in addition, I mean, they do conclusively show that. I mean, there's got to be something to show the district court would have imposed a concurrent sentence, and yet there's not that. On top of that, you do have the Schultz case, which I mentioned before. And then in this case, what are you going to do at an evidentiary hearing, Your Honor? I really, I don't think. The argument. Make the argument that was never made. I mean, the argument that was never made to the district court. Judge, I'm asking you to run these sentences concurrently rather than consecutively. The argument was never made to the district court. In fact, I think that's what he says. If he had an evidentiary hearing, that's what would happen, that at least he'd have an opportunity to make the argument to the district court, an argument that the district court never even considered. Your Honor, that, I think, that goes to the Strickland performance prong. His lawyer didn't make the argument, and he says the stuff about he told his lawyer to make the argument. His lawyer said he would, and his lawyer didn't. And I'm conceding that if that's true, he's entitled to hearing on that. His lawyer disputes that. So he should have a hearing on Strickland performance. But on Strickland prejudice, there's just no need for a hearing. There's not, I mean, he's not, there's no evidence he could present. And moreover, Your Honor, in terms of it being presented to the district court, the concurrent sentence claim was made in the 2255 petition, and the magistrate judge recommended that be denied. And the district court adopted that recommendation and denied it without a hearing. And that makes sense. Judge Hinkle's the same judge that sentenced him. By denying it, he's showing that there's no Strickland prejudice, that there's no Strickland prejudice. It wouldn't have made a difference, and the record supports that. And, I mean, if the point is to make the argument, you can make the argument in a legal brief in a motion hearing. You don't need an evidentiary hearing to make the argument, right? I mean I'm just still at a loss of what this evidentiary hearing adds to an ordinary brief and oral argument. And I think you should be at a loss. It wouldn't add anything. And I hope I made that clear in my brief. If I didn't, let me make it clear now. An evidentiary hearing is not going to serve any purpose. That's the government's position. Did the district court say that, that there was a presumption in favor of an evidentiary hearing, but I'm denying I'm not having an evidentiary hearing because it wouldn't make any difference? Do we have anything from the district court to that effect? You do. You do. By the magistrate judge at page 26 of his order recommended, I'm sorry, page 26 of his R&R recommended that this concurrent sentence claim be denied, and the district court adopted that. But did anybody say anything about an evidentiary hearing, either the magistrate judge or the district judge? Yeah, well, they did not. I think implicitly, at least implicitly, they did, Judge Wilson. I mean, that's what he's asking for. He's filed a 2255 asking for an evidentiary hearing, and Judge Hinkle denies the 2255 and denies an evidentiary hearing. And by doing that, he's saying there's no need for one. And to get back to Judge Newsom's point, Your Honor, I really think that's true. I mean, there's no evidence. He's talking about an evidentiary hearing. Evidence is testimony or exhibits. There's no testimony or exhibits that he's going to present to Judge Hinkle to show that Judge Hinkle would have imposed a concurrent sentence if Judge Hinkle had been asked. Only Judge Hinkle knows that, and Judge Hinkle denied the petition. Well, counsel could put Shane Jones on the stand to testify in an evidentiary hearing to explain why he feels like he's entitled to concurrent rather than consecutive sentences, couldn't he? I don't think that goes to Strickland. I don't think that goes to the prejudice prong of Strickland, Your Honor. Mr. Jones can testify that he told his lawyer to do it. It's a totally discretionary call with the district judge. It's like, let me, if a district judge at a sentencing hearing said the guidelines are mandatory, and then he imposed a guideline sentence without saying anything more, and the defense lawyer said, yeah, Judge, you're right. The guidelines are mandatory. That would meet Strickland prong one because it's unprofessional. It's unreasonable post book or for a defense lawyer to say the guidelines are mandatory, but you still got Strickland's second prong. And on a discretionary call, like going outside the guideline range in my example, or like here imposing, in this case, imposing a concurrent sentence, the defendant has the burden of establishing Strickland's prejudice prong. That gets back to my point. It's his burden of proof. The defendant may not like it. It's hard to do, but he hasn't met his burden of proof, and an evidentiary hearing wouldn't serve any purpose in this case, Judge. It's, you're talking about, an evidentiary hearing is, if you threw out Strickland prong two, and you're on Strickland prong one, you got to have an evidentiary hearing if that was dispositive because Mr. Jones says, I told my lawyer I wanted a concurrent sentence, and he said he would ask for one, and his lawyer says that's not true. So you got to have a hearing, and Judge Schenkel would have to determine whether to believe Mr. Jones or Mr. Cale or his lawyer. But on the prejudice prong, whether the district court would have imposed a concurrent sentence if he had been asked, there's just no, there's no testimony or exhibits. Judge Schenkel knows that, whether he would have done so, and he denied the 2255. I just don't, you know, I don't think an evidentiary hearing would serve a purpose, Judge Wilson, and I don't think under 2255 and under the Schultz case, he's met his burden for an evidentiary hearing. I mean. Well, see, I guess, you know, and I understand the position of the government, that there's a burden to establish that you're entitled to an evidentiary hearing. I just read the statute as requiring an evidentiary hearing. It uses the word must, and then it's, I mean, this is pretty strong language, unless the court files conclusively show that the prisoner is entitled to no relief. Now, it might have an evidentiary hearing, and the court might decide, well, no, there's, counsel is not ineffective for failing to request concurrent sentences, because I would not have given them the concurrent sentence. But this language in the statute is pretty strong. It is, Your Honor, but let me, in practice, you've got case law interpreting the statute. And, I mean, obviously, I mean, we all know that over 90 percent of 2255s are resolved without an evidentiary hearing, despite the language you're quoting. And you've got the Burt case, which is in bank from this court, that says it's his burden to establish an evidentiary hearing. You've got the Schultz case from this court that says an evidentiary hearing isn't required when the district court can determine the merits of the ineffectiveness claim based on the existing record. I don't dispute the language you're quoting me, Your Honor. Obviously, that's what 2255 says. But I think if you look at the case law interpreting it, and in practice, it's not applied to the point that, well, you almost always get an evidentiary hearing. To the contrary, it's applied so that you almost never get an evidentiary hearing. I mean, it's probably over 98 percent. I mean, it's a vast majority of cases of 2255s are resolved without an evidentiary hearing. I'm sorry, Your Honor. I would imagine that in those cases, the district court concluded that an evidentiary hearing is unnecessary. But we don't have anything from the district court to that effect. I disagree with that, Your Honor. You've got the district court's order denying the 2255. Does the district court say anything about an evidentiary hearing at all? I think at the end of the order it says your request for a hearing is denied, I think. I've got the order right over there. You can check me. I'm not sure it says that. We'll take a look at it. Thank you, Mr. Davies. Thank you, Your Honor. And Mr. Schnapp, you've reserved some time for rebuttal. Yes, Your Honor. Thank you. I think, Your Honor, I hit the nail on the head here. There is no discussion about an evidentiary hearing. The only discussion— Does the district court say I'm denying an evidentiary hearing? I'm not conducting an evidentiary hearing? No, Your Honor. What was your requested relief? I'm sorry? What was your requested relief, just so we're clear? You asked for what in your 2255? You asked for relief, presumably, and if not relief, straightaway a hearing. Right. In the 2255 petition, the relief would be the evidentiary hearing. And the district court's judgment line says— So it denied, and there were eight issues. The only part that speaks to the concurrency issue was the R&R, which in its summation of the concurrency issue says, defendant has not shown counsel as constitutionally ineffective for his failure to reach this issue, and he is not entitled to relief. So we don't know whether that was denied on Strickland performance prong or Strickland prejudice prong. If the government is now saying that we're entitled to an evidentiary hearing on the performance prong and the district court denied it on the performance prong, then we should get that evidentiary hearing. So can I ask you just a question again? And I hate to be such a dunce about this, but the mechanics of the evidentiary hearing, you've probably thought about this. When you get—if you were to get an evidentiary hearing, what's the evidence that you'll put on to prove prejudice? Not argument, because that's different. You've made an argument about prejudice, and it's been rejected, a legal argument in briefs. But what's the evidence? Like who are you going to call, what exhibits are you going to put on to prove the prejudice piece of this? Well, the evidence would be the transcript. Which is there, right? It is there. It's already been heard. Correct. And the form. I believe Judge Wilson referred to it. There were two boxes, concurrently and consecutively, and I believe the government said that that doesn't matter because you could just check one of them. Well, there were two boxes. One of them has to be checked consecutively or concurrently. However, because it defaults to consecutively, one of them has to be checked. It's a reminder for the court that a decision has to be made on that issue. And no decision was made. Thank you, Your Honor. All right. Thank you, Mr. Snapp. I see you were appointed by the court to represent Mr. Jones, and the court thanks you for your service. Thank you, Mr. Davis.